FILED
U.S. DISTRICT COURT
DIV.
2012 JAN 11 AM 10:08
CLERK R. ___
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

OLIVIA MONROE, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NO.: CV211-102
 )
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
 )
    Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Morton J. Gold, Jr. ("the ALJ") denying her claim for Supplemental Security Income. Plaintiff urges the Court to reverse and remand the ALJ's decision for a proper determination of the evidence. Defendant asserts the Commissioner's decision should be affirmed.

Plaintiff filed an application for Supplemental Security Income on February 6, 2007, alleging that she became disabled on July 15, 1992, due to depression-mood swings, diabetes, high blood pressure, and back and leg problems. (Tr. at 168). After her claim was denied initially and upon reconsideration, Plaintiff filed an untimely request for a hearing. Good cause was established for the late filing. On January 12, 2009, the ALJ conducted a video hearing at which Plaintiff, who was represented by counsel, appeared and testified. Paul R. Dolan, an impartial vocational expert, was also at the hearing. The ALJ found that Plaintiff was not disabled within the meaning of the

Social Security Act. (Tr. at 26). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 1–6).

Plaintiff, born on May 19, 1956, was fifty-three (53) years old when the ALJ issued his final decision. She has an eighth-grade education. (Tr. at 173). Plaintiff has no past relevant work experience. (Tr. at 24).

## ALJ'S FINDINGS

Pursuant to the Social Security Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140–41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal one of the listed impairments, the sequential

2

evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff had not engaged in substantial gainful activity during the period from her application for benefits, February 6, 2007, through the date of the ALJ's decision, April 5, 2010. (Tr. at 19). At step two, the ALJ determined that Plaintiff had depressive disorder and obesity, conditions considered "severe" under the Regulations. (Id.). However, the ALJ determined that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Tr. at 22). The ALJ found that Plaintiff had the residual functional capacity to perform work at the medium exertional level, except for the following limitations: sit, stand, walk, and push/pull for at least six of eight hours each eight-hour workday; lift and carry fifty (50) pounds occasionally (for one-third of an eight-hour workday); and lift and carry twenty-five (25) pounds frequently (for two-thirds of an eight-hour workday). (Tr. at 22–23). At the next step, the ALJ noted Plaintiff had no past relevant work experience. (Tr. at 24). However, at the fifth and final step, the ALJ determined that considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can perform. (Id.). Specifically, the ALJ

found that Plaintiff would be able to perform work as a counter supply worker, an industrial cleaner, or a kitchen helper. (Tr. at 25).

## ISSUE PRESENTED

Plaintiff asserts that the ALJ erred by not finding Plaintiff presumptively disabled under Listing 12.05(C).

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the

4

appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff asserts that the ALJ erroneously failed to find that she meets the requirements for presumptive disability as stated in Listing 12.05(C), dealing with mental retardation. The ALJ determined that "[Plaintiff] does not have severe, medically determinable mild mental retardation/borderline intellectual functioning[.]" (Tr. at 22).

Listing 12.05, which describes the criteria to qualify for benefits based on mental retardation, states, in part,

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
> . . .
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]

20 C.F.R. Ch. III, Pt. 404, Subpt. P, App. 1, § 12.05. The Court of Appeals for the Eleventh Circuit "recognize[s] that a claimant meets the criteria for presumptive disability under listing 12.05(C) when the claimant presents a valid I.Q. score of 60 to 70 and evidence of additional mental or physical impairment." Hodges v. Barnhart, 276 F.3d 1265, 1269 (11th Cir. 2001); see also Lowery v. Sullivan, 979 F.2d 835, 838 (11th Cir. 1992). "[T]here is a presumption that mental retardation is a condition that remains constant throughout life." Hodges, 276 F.3d at 1266. "[A] claimant need not present evidence that she manifested deficits in adaptive functioning prior to the age twenty-two, when she presented evidence of low IQ test results after the age of twenty-two." Id.

5

In October 2007, psychologist John S. Muller, Ph. D., performed a psychological evaluation of Plaintiff. He reported that WAIS-III testing revealed that Plaintiff had a full scale IQ of 51. (Tr. at 320–21). Based on this score, Dr. Muller stated that "she is currently functioning in the Mild Range of Mental Retardation." (Tr. at 320).

The ALJ declined to adopt Dr. Muller's assessment finding that "[t]reatment records and [Plaintiff's] demonstrated adaptive skills do not support that [she] has mild mental retardation/borderline IQ. No deficits in intellectual functioning are noted by treating physicians or psychiatrists in mental hospitals during in-patient hospitalization January 9-16, 2007 or at Gateway Mental Health[.]" (Tr. at 21). Additionally, the ALJ noted that Plaintiff's WAIS scores in the fifties, as reported by Dr. Muller, were "in the opinion of the State agency psychological consultant, [ ] not consistent with [Plaintiff's] adaptive skills, and a diagnosis of mild mental retardation was neither warranted or supported." (Tr. at 20).

Plaintiff correctly asserts that more weight should be given to the opinion of a medical expert who has examined her than to the opinion of a medical expert who has not examined her. 20 C.F.R. § 416.927(d)(1). Plaintiff contends that "[r]ather than evaluate or even acknowledge Dr. Muller's explanation and assessment, the ALJ instead recites the opinion of the non-examining record reviewer, who claim that the IQ scores in the 50s were not consistent with adaptive skills and that a diagnosis of mild mental retardation was not warranted or supported." (Doc. No. 8, p. 14). Plaintiff correctly recognizes the ALJ's use of the State agency psychological consultant's opinion; however, Plaintiff misconstrues the manner in which the ALJ used that opinion. The ALJ used the State agency psychological consultant's opinion to discredit Dr.

AO 72A
(Rev. 8/82)

Muller's opinion, but the ALJ did not base his decision solely on that opinion. Instead, the ALJ based his decision on the records of the Plaintiff's treating physicians, W. A. Snyder, Jr., M.D., and Gateway Mental Health, (See Tr. at 21), which are given more weight than other sources who have examined the claimant, 20 C.F.R. § 416.927(d)(2). The ALJ evaluated and weighed all of the relevant opinion evidence, finding that of Dr. Muller to be least credible. Without credible, valid IQ scores below 70, the ALJ was not required to find Plaintiff mentally retarded pursuant to Listing 12.05.

Moreover, the ALJ's finding that Plaintiff does not have severe, medically determinable mild mental retardation/borderline intellectual functioning is supported by substantial evidence. The medical experts who reviewed Plaintiff's medical records both concluded that a diagnosis of mild mental retardation was not warranted or supported. (Tr. at 337, 348, 404, and 415). Furthermore, Plaintiff's treating physicians' medical records, Exhibits 2F, 3F, 5F, 14F, 15F, 21F, 23F, and 24F, do not suggest mental retardation. Plaintiff asserts that treating physicians noted deficits such as slowness in responding to questions, not understanding questions, appearing confused, and having a poor fund of knowledge. (Doc. No. 10, p. 2). But those treating physicians never suggested mental retardation, instead noting Plaintiff's depression and bipolar disorder, as potential causes of Plaintiff's impairments. (Tr. at 273–74, 291, 393, 468). In addition, the same physicians noted that Plaintiff had good eye contact, had a concrete stream of thought, had an intact memory, and was oriented. (Tr. at 273–74, 392, 393, 468). The ALJ weighed all of this evidence and found that Plaintiff does not have severe, medically determinable mild mental retardation/borderline intellectual functioning, and that decision is supported by substantial evidence.

7

Plaintiff argues that the decision of the Northern District of Georgia in Cammon v. Astrue, CV308-131 (N.D. Ga. 2009), should be followed by this Court. In Cammon, the court reversed and remanded the Commissioner's decision when the decision of the Administrative Law Judge found the plaintiff's IQ scores invalid for purposes of Listing 12.05(C) despite the examining medical expert's failure to find the IQ scores invalid. However, Cammon is distinguishable from the present case.

In Cammon, the court determined that the Administrative Law Judge's finding that the plaintiff's IQ scores were not valid was not supported by substantial evidence. Cammon, CV308-131, Doc. No. 19, at 23. The court noted that "[t]he ALJ made it clear in her decision that she found Plaintiff's IQ scores from both evaluations to be invalid because of findings made by [the examining medical expert]. . . . While the ALJ correctly noted that [the examining medical expert] did not specifically state that the IQ scores were valid, he also did not state that the scores were invalid." Id. at 23–24. Additionally, the court in Cammon did not discuss an opinion of any other medical expert invalidating the IQ scores. In the present case, the ALJ specifically stated that "WAIS scores were in the 50s which, in the opinion of the State agency psychological consultant, was not consistent with claimant's adaptive skills, and a diagnosis of mild mental retardation was neither warranted or supported." (Tr. at 20). Unlike Cammon, in the present case there is substantial evidence supporting the ALJ's decision to discredit the Plaintiff's IQ scores for purposes of Listing 12.05(C).

The ALJ's finding that Plaintiff's IQ scores were not valid was based on substantial evidence. Accordingly, his determination that she did not meet the requirements of Listing 12.05(C) is based on substantial evidence, as a valid IQ score

AO 72A
(Rev. 8/82)

below 70 is a criterion listed. As a result, Plaintiff's remaining arguments in support of her claim that the ALJ erred in failing to find that Plaintiff meets the requirements for presumptive disability as stated in Listing 12.05(C) need not be addressed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

**SO REPORTED** and **RECOMMENDED**, this 11th day of January, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)