IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

OLIVIA MONROE, )
)
        Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV211-102
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
        Defendant. )

## ORDER

Plaintiff filed Objections to the Magistrate Judge's Report dated January 11, 2012, which recommended that the decision of the Social Security Commissioner be affirmed. In her Objections, Plaintiff asserts that the Magistrate Judge erred because the Administrative Law Judge was incorrect in finding that Plaintiff does not meet the requirements for presumptive disability as stated in Listing 12.05(C), dealing with mental retardation. Additionally, Plaintiff argues that Cammon v. Astrue, CV308-131 (N.D. Ga. 2009), is indistinguishable from her case. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

In Cammon, the court determined that the Administrative Law Judge's finding that the plaintiff's IQ scores were not valid was not supported by substantial evidence. Cammon, CV308-131, Doc. No. 19, at 23. The court noted that "[t]he ALJ made it clear

AO 72A
(Rev. 8/82)

in her decision that she found Plaintiff's IQ scores from both evaluations to be invalid because of findings made by [the examining medical expert]. . . . While the ALJ correctly noted that [the examining medical expert] did not specifically state that the IQ scores were valid, he also did not state that the scores were invalid." Id. at 23–24. In other words, the Administrative Law Judge in Cammon based her decision on supposed findings of the medical expert who performed the IQ assessment, but those findings were either not sufficient to invalidate the IQ scores, or, possibly, non-existent. The court in Cammon did not discuss an opinion of any other medical expert invalidating the IQ scores which the Administrative Law Judge in that case might have relied upon. In the present case, the Administrative Law Judge specifically stated that "WAIS scores were in the 50s which, in the opinion of the State agency psychological consultant, was not consistent with claimant's adaptive skills, and a diagnosis of mild mental retardation was neither warranted or supported." (Tr. at 20). Unlike Cammon, in the present case there is substantial evidence supporting the Administrative Law Judge's decision to discredit Plaintiff's IQ scores for purposes of Listing 12.05(C).

As to the remainder of Plaintiff's Objections, a review of Plaintiff's arguments indicates that she wishes for this Court to reweigh the evidence presented to the Administrative Law Judge. But as the Magistrate Judge noted, this Court's role is to ensure that the Administrative Law Judge's determination is supported by substantial evidence and the appropriate legal standards. The Administrative Law Judge's determination, which became the final decision of the Commissioner for the Social Security Administration, is so supported. Accordingly, Plaintiff's Objections are without merit and are **overruled**.

The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 6 day of February, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)